[No. B045405. Second Dist., Div. Six. Feb. 6, 1991.]

In re LISA D. et al., Persons Coming Under the Juvenile Court
Law.
CHILD PROTECTIVE SERVICES OF SANTA BARBARA
COUNTY, Plaintiffs and Respondents, v.
JOHN D. et al., Defendants and Appellants.

COUNSEL

Alys Briggs, under appointment by the Court of Appeal, for Defendants and Appellants.

David Nawi, County Counsel, and Mary Ellen Barilotti, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

GILBERT, J.—John D. appeals the order on a six-month permanency plan review hearing. The order continued his children's status as dependent children and appointed Mary Ellen Staab as their guardian. We reverse the order appointing Mrs. Staab as guardian because the social study report supporting guardianship was statutorily deficient. (Welf. & Inst. Code,[1] § 366.25, subd. (e).)

FACTS

The three minor children of John D. have been in continuous foster care since his arrest and incarceration in 1984. They have resided with Mary Ellen Staab, their present foster mother, for nearly three and one-half years. In May 1988 the trial court modified the permanent plan concerning the

---

[1] All statutory references are to the California Welfare and Institutions Code.

children to one of guardianship. On September 19, 1989, the court continued the children as dependent children and appointed Mrs. Staab as their guardian. A social study report and the testimony of Mrs. Staab supported her appointment.

■ John D.[2] appeals the trial court's order and contends the social study report failed to comply with the mandatory directives of section 366.25, subdivision (e). We agree.

## DISCUSSION

Section 366.25, subdivision (e) requires the court to consider a social study report prior to appointing a proposed guardian. The report "shall include . . . a discussion of . . . (1) [a] social history of the proposed guardian, including screening for criminal records and prior referrals for child abuse or neglect [and] (5) [t]he proposed guardian's understanding of the legal and financial rights and responsibilities of guardianship." The person preparing this report may be called as a witness at the hearing on proposed guardianship by any party.

The report proposing Mrs. Staab as guardian did not discuss her social history, screening for criminal records and referrals for child abuse and neglect, or her understanding of the rights and responsibilities of guardianship. The County of Santa Barbara concedes the report was deficient in these particulars but contends John D. has not established that he has been harmed or that a more favorable result would ensue from a corrected report.

Subdivision (e) of section 366.25 describes the juvenile court's responsibility in deciding the appointment of a proposed guardian. The subdivision requires the court to "read and consider[]" the social study report prior to ruling on the guardianship petition. The court must receive the report into evidence and the author of the report must testify if called by any party. These are mandatory requirements imposed upon the court as enacted by the Legislature to assist the court in protecting children from risk of physical, emotional or sexual abuse. (See intent of the Legislature set forth in § 300.) In implementing this responsibility and in safeguarding the welfare of dependent children, the juvenile court must possess complete and accurate information concerning the children and their proposed guardian.

John D.'s rights as a natural parent have not been terminated by the court. He retains the right to visit his children according to the terms of an

---

[2] The children's natural mother, Susan D., is deceased.

existing court order and must reimburse the county for their care according to section 903. He possesses standing to challenge the adequacy of the social study report proposing Mrs. Staab as guardian for his children.

Upon remand, the county shall prepare a social study report complying with the requirements set forth in subdivision (e) of section 366.25.

Accordingly, the order is reversed.

Stone (S. J.), P. J., and Abbe, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.